

**SEALED**

**FILED**
MAR 2 2020
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 20 CR 035 CVE |
| Plaintiff, | ) **FILED UNDER SEAL** |
| v. | ) **INDICTMENT** |
| | ) [COUNT 1: 21 U.S.C. §§ 846 and |
| TYMALK QUANE LOVE, | ) 841(b)(1)(C) – Drug Conspiracy; |
| a/k/a "Tymalk Laquane Love," | ) COUNT 2: 21 U.S.C. §§ 952(a), |
| a/k/a "Qwan," | ) 960(a)(1), and 960(b)(3) – Importation |
| a/k/a "Loom," | ) of a Controlled Substance – Fentanyl; |
| a/k/a "Loc Loom," | ) COUNT 3: 18 U.S.C. § 545 – Smuggling |
| | ) Goods Into the United States; |
| Defendant. | ) Forfeiture Allegation: 21 U.S.C. § 853, |
| | ) 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § |
| | ) 545] |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**[21 U.S.C. §§ 846 and 841(b)(1)(C)]**

Beginning as early as January 2019 and continuing until on or about February 7, 2019, in the Northern District of Oklahoma and elsewhere, the defendant, **TYMALK QUANE LOVE**, a/k/a "Tymalk Laquane Love," a/k/a "Qwan," a/k/a "Loom," a/k/a "Loc Loom," did knowingly, intentionally, and willfully conspire, confederate, and agree with others known and unknown to the Grand Jury to distribute and to possess with intent to distribute fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

## COUNT TWO
**[21 U.S.C. §§ 952(a), 960(a)(1) and (b)(3), and 18 U.S.C. § 2]**

On or about January 16, 2019, in the Northern District of Oklahoma, and elsewhere, the defendant, **TYMALK QUANE LOVE**, a/k/a "Tymalk Laquane Love," a/k/a "Qwan," a/k/a "Loom," a/k/a "Loc Loom," did import and bring into the United States from a place outside thereof, a controlled substance, specifically fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(3), and Title 18, United States Code, Section 2.

## COUNT THREE
## [18 U.S.C. §§ 545 and 2]

From on or about January 16, 2019, to on or about February 7, 2019, in the Northern District of Oklahoma and elsewhere, the defendant, **TYMALK QUANE LOVE**, a/k/a "Tymalk Laquane Love," a/k/a "Qwan," a/k/a "Loom," a/k/a "Loc Loom," fraudulently and knowingly imported and brought into the United States, contrary to law, merchandise, specifically fentanyl, a Schedule II controlled substance, and received, concealed, bought, sold, and facilitated the transportation, concealment, and sale of such merchandise after importation into the United States, knowing the merchandise to have been imported and brought into the United States contrary to law.

All in violation of Title 18, United States Code, Sections 545 and 2.

## FORFEITURE ALLEGATION
[21 U.S.C. § 853, 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 545]

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 982(a)(2)(B), and Title 18, United States Code, Section 545.

Upon conviction of the offenses alleged in this Indictment, as a part of his sentence, the defendant, **TYMALK QUANE LOVE**, a/k/a "Tymalk Laquane Love," a/k/a "Qwan," a/k/a "Loom," a/k/a "Loc Loom," shall forfeit to the United States, any property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of such violations, and any property, real or personal, that was used or intended to be used to commit or to facilitate the violation of federal law. The property to be forfeited includes, but is not limited to:

**MONEY JUDGMENT**

A money judgment in an amount representing proceeds obtained by the Defendant as a result of the offenses.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1028(g), and Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the value of the property described above if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the

jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 982(a)(2)(B), and Title 18, United States Code, Section 545.

R. TRENT SHORES  
UNITED STATES ATTORNEY

*(signature)*

THOMAS E. DUNCOMBE  
Assistant United States Attorney

A TRUE BILL

*/s/ Grand Jury Foreperson*  
Grand Jury Foreperson