## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  20-CR-35-CVE-1** |
| | ) | |
| **TYMALK QUANE LOVE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLEA AGREEMENT PURSUANT TO
## FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through R. Trent Shores, United States Attorney for the Northern District of Oklahoma, and Thomas E. Duncombe, Assistant United States Attorney, and the defendant, Tymalk Quane Love, in person and through counsel, M. Michael Arnett, respectfully inform the Court that they have reached the following plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C).

### 1.     Plea

The defendant agrees to enter voluntary pleas of guilty to the following:

**Count Two** – Drug Conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); and

**Count Thirty-Five** – Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i),

as set forth in the Third Superseding Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

_TL_
Defendant's Initials

## 2.   **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a.   the right to be indicted if proceeding by Information;

b.   the right to plead not guilty;

c.   the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

d.   at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

e.   the defendant has the right to assist in the selection of the jury;

f.   during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g.   the defendant has the right to confront and cross-examine witnesses against the defendant;

h.   if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

i.   if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

j.   if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges; and

k.   at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence.

l.   any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of

Revised 02-28-20

TL
Defendant's Initials

property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights.  By pleading guilty, the defendant understands that the defendant may have to answer questions posed to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

### 3.    Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.    The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b.    The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

c.    The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, including any assessment, forfeiture, restitution order, the length of term of supervised release and any condition of supervised release, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

Tymalk Love
**TYMALK QUANE LOVE**

YL
Defendant's Initials

**4.**     <u>**Departure and Variance Waiver**</u>

In consideration of the promises and concessions made by the United States in this

plea agreement, the defendant knowingly and voluntarily agrees to the following:

a.      the defendant agrees not to request, recommend, or file a motion seeking a
departure from the Guidelines range; and

b.      the defendant agrees not to request, recommend, or file a motion seeking a
variance below the Guidelines range pursuant to the § 3553(a) factors.

**5.**     <u>**Freedom of Information Act Waiver**</u>

The defendant waives all rights, whether asserted directly or by a representative, to

request or to receive from any department or agency of the United States any records

pertaining to the investigation or prosecution of this case including, without limitation, any

records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act of 1974, 5 U.S.C. § 552a.

**6.**     <u>**Rule 11 Rights Waiver**</u>

The defendant knowingly and expressly waives all of the rights afforded defendant

pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure.  In

other words, after entry of a plea made pursuant to this plea agreement, and in consideration

thereof, the following shall be admissible against the defendant:

a.      A plea of guilty which is later withdrawn or which the defendant seeks to
withdraw, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C);

b.      Any statement made in the course of any proceeding under Rule 11 regarding
said plea of guilty;

c.      Any statement made in the course of plea discussions with an attorney or
agent for the Government, or which were made pursuant to a proffer letter agreement,

4

_T̷L̷_
Defendant's Initials

which result in a plea of guilty later withdrawn, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C).

### 7.    Waiver of Right to Jury Trial on Sentencing Factors

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Third Superseding Indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt.   The defendant explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial.   The defendant explicitly acknowledges that his plea to the charged offenses authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code.   The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

### 8.    Payment of Monetary Penalties

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines.   The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement.   The defendant understands that, by law, interest accrues on any remaining balance of the debt.

Revised 02-28-20

$\mathcal{TL}$
_____
Defendant's Initials

That monetary penalties imposed by the Court will be (i) subject to immediate enforcement as provided for in 18 U.S.C. Section 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

9.      **Forfeiture Agreement**

The defendant agrees to the entry of a criminal forfeiture money judgment, pursuant to 21 U.S.C. § 853, in the amount of $201,800, representing proceeds he obtained, directly or indirectly, as a result of the offenses.

The defendant understands that he shall forfeit substitute property, up to the value of the money judgment described above, if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

The defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. The defendant further understands that, pursuant to Rule 32.2(b)(4)(A), the order of forfeiture will become final as to the defendant upon entry. The defendant waives notice of the forfeiture in the announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant

Revised 02-28-20

6

TL
Defendant's Initials

also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

**10.** **Special Assessment**

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

**11.** **Factual Basis and Elements**

The elements that the United States must prove beyond a reasonable doubt in order to convict under 21 U.S.C. §§ 846 and 841(b)(1)(C) are as follows:

a.   Two or more persons agreed to violate the federal drug laws;

b.   The defendant knew the essential object of the conspiracy;

c.   The defendant knowingly and voluntarily involved himself in the conspiracy;

d.   There was interdependence among the members of the conspiracy; and

e.   The overall scope of the conspiracy involved a quantity of fentanyl; and

f.    Some overt act in furtherance of the conspiracy was performed in the Northern District of Oklahoma.

_TL_
Defendant's Initials

The elements that the United States must prove beyond a reasonable doubt in order to convict under 18 U.S.C. § 924(c)(1)(A)(i), using a *Pinkerton*[1] (or "coconspirator") theory of liability, are as follows:

a.   Defendant's coconspirator committed drug trafficking crimes as charged;

b.   Defendant's coconspirator possessed a firearm in furtherance of those drug trafficking crimes;

c.   The possession of the firearms occurred in the Northern District of Oklahoma;

d.   The possession was in furtherance of a conspiracy in which both the defendant and the coconspirator who possessed the firearm were a part; and

e.   The coconspirator's possession of the firearm was reasonably foreseeable to the defendant.

In regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the pleas of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, **TYMALK QUANE LOVE**, admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes alleged in Counts Two and Thirty-Five in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

I, **TYMALK QUANE LOVE**, admit that from as early as January 2018 to as late as February 2019, I knowingly, intentionally, and willfully conspired with my codefendants, Anthony Ward Irving, Casey Joe Eastwood, and others not named here, including the person described in the Third Superseding Indictment as the "Facilitator," to distribute and to possess with intent to distribute 500 grams or more of a mixture and substance

[1] *Pinkerton v. United States*, 328 U.S. 640 (1946).

8

Defendant's Initials

containing a detectable amount of methamphetamine. I acknowledge that methamphetamine is a Schedule II controlled substance. During the same time period I knowingly, intentionally, and willfully conspired with the same people to distribute and to possess with intent to distribute heroin. I acknowledge that heroin is a Schedule I controlled substance.

During the conspiracy, I was an inmate inside Oklahoma Department of Corrections facilities. My role in the conspiracy included organizing the activities of the other members and coordinating the shipment of, payment for, and distribution of, methamphetamine and heroin. I used cellular telephones while in prison to communicate with my coconspirators, even though as a DOC inmate I was not allowed to possess cellular telephones.

During the conspiracy, Irving lived in Arizona and helped provide large quantities of drugs to be redistributed. Eastwood lived in Arkansas and helped redistribute the drugs to end-users. I coordinated with Irving and Eastwood, and I instructed the "Facilitator" when and where to go to obtain, pay for, and distribute drugs. Because the "Facilitator" lived in Tulsa during the conspiracy, I acknowledge that at least one overt act in furtherance of the conspiracy was performed in the Northern District of Oklahoma. I and my coconspirators acted together for our shared mutual benefit, specifically to profit off the sale of controlled substances.

Additionally, I admit that from approximately January to February 2019, I conspired with the "Facilitator" to distribute and to possess with intent to distribute fentanyl. I acknowledge that fentanyl is a Schedule II controlled substance. I used cell phones to communicate with the "Facilitator" from prison about when and in what manner pills laced with fentanyl would be shipped to the "Facilitator's" house in Tulsa from the source of the pills in Mexico. I knew that the pills contained controlled substances, and the "Facilitator" and I both took part in the conspiracy for our shared mutual benefit, specifically to profit off the sale of controlled substances.

During the course of and in furtherance of the drug conspiracy in Count One, my coconspirator, the "Facilitator," possessed the firearm listed in Count Thirty-Five. Specifically, the "Facilitator" possessed the firearm on approximately January 31, 2018, to protect methamphetamine and drug proceeds from possible theft. I acknowledge that this means my coconspirator possessed the firearm in furtherance of a drug trafficking crime. My coconspirator's possession of the firearm on that date in

9

Defendant's Initials

furtherance of a drug trafficking crime and in furtherance of the drug conspiracy in Count One was reasonably foreseeable to me.

_Tymalk Love_                          _6 - 9 - 21_
**TYMALK QUANE LOVE**        Date
Defendant

## 12.    **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Third Superseding Indictment, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service.   The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement.

## 13.    **Dismissal of Remaining Counts**

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), if the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges

10

_TL_
Defendant's Initials

that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter.  In such event, the defendant hereby waives any objections, motions or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

### 14.    <u>Acceptance of Responsibility</u>

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1.  The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor.  The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States.  If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly

Defendant's Initials

reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

**15.** **Sentence**

**a.** **Imprisonment**

The defendant acknowledges that under 21 U.S.C. §§ 846 and 841(b)(1)(C), the maximum statutory sentence is 20 years' imprisonment and a fine of not more than $1,000,000.

The defendant acknowledges that under 18 U.S.C. § 924(c)(1)(A)(i), the minimum mandatory statutory sentence is 5 years' imprisonment, to be served consecutively to any other sentence, and the maximum statutory sentence is life imprisonment and a fine of $250,000.

**b.** **Supervised Release**

Additionally, the defendant is aware that, if imprisonment is imposed, the Court shall include as part of the sentence on Count Two a requirement that the defendant be placed on a term of supervised release after imprisonment of at least 3 years.

The defendant is additionally aware that, if imprisonment is imposed, the Court shall include as part of the sentence on Count Thirty-Five a requirement that the defendant be placed on a term of supervised release of not more than 5 years.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being

TL
Defendant's Initials

given for any time served while on supervised release.  Further, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)).  If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3).  Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

    **c.**    **Guidelines**

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, are advisory.  The district courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C.A. § 3553(a).  The sentence imposed in federal court is without parole.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally

Revised 02-28-20

TL
Defendant's Initials

or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing. The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the Sentencing Guidelines calculation. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure. The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge.

16.  **Stipulations**

The defendant and the United States stipulate and agree as follows:

a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition in this case is a sentence of 10 years' incarceration, with 5 years of that term of incarceration to be served consecutively to any other term of incarceration. The parties have considered various factors in fashioning this sentence, including the defendant's repeated course of conduct as alleged in the Third Superseding Indictment; the defendant's personal background, including a number of prior criminal convictions; the defendant's prominent role in the conspiracy relative to the roles of other participants; the strength of the evidence; the fact that a trial in this matter would likely be time-consuming and involve the preparation and presentation by the government of potentially hundreds of exhibits, to include physical evidence, evidence of financial transactions, recorded phone conversations, and text message conversations; judicial economy; and the interests of

*Tt*
Defendant's Initials

justice.  For these reasons, a sentence of 10 years' incarceration, with 5 years of that term of incarceration to be served consecutively to any other term of incarceration, meets the sentencing goals for this type of case and this defendant.  The parties agree upon this sentence regardless of any advisory Sentencing Guidelines calculations.

b.      The parties agree that the defendant may withdraw his plea of guilty in the event that the Court rejects the plea agreement.

c.      Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right and stipulates that defendant is not a "prevailing party" in connection with this case.

## 17.   <u>Limitations</u>

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

## 18.   <u>Breach of Agreement</u>

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of

_T_ _L_
Defendant's Initials

petitioning the Court to be relieved of its obligations herein.  Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence.  The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5), except for the limited reasons outlined above in this paragraph, and except as provided in Fed. R. Crim. P. 11(c)(1)(C).

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), in the event that **TYMALK QUANE LOVE**, after entry of pleas of guilty, unsuccessfully attempts to withdraw the defendant's pleas of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement.  This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

Revised 02-28-20

Defendant's Initials

**19.    Conclusion**

No agreements, representations, or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as is routinely done in every case, even though there may or may not be any additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

R. TRENT SHORES
UNITED STATES ATTORNEY

**THOMAS E. DUNCOMBE**
Assistant United States Attorney

6/9/21
Dated

**M. MICHAEL ARNETT**
Attorney for Defendant

6-9-9/
Dated

Tymalk Love
**TYMALK QUANE LOVE**
Defendant

6-9-21
Dated

Revised 02-28-20

TL
Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Tymalk Love                            6-9-21
**TYMALK QUANE LOVE**                    Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Third Superseding Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

                                       6-9-21
**M. MICHAEL ARNETT**                    Dated
Counsel for the Defendant

Revised 02-28-20

Defendant's Initials